UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILMER DIXON (#29334-034)

VERSUS                                      CIVIL ACTION

CORNEL H. HUBERT                            NUMBER 06-952-JVP-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 8, 2007.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILMER DIXON (#29334-034)

VERSUS                                              CIVIL ACTION

CORNEL H. HUBERT                                    NUMBER 06-952-JVP-SCR

<u>MAGISTRATE JUDGE'S REPORT</u>

Pro se plaintiff, an inmate currently confined at the Federal Correctional Institute, Talladega, Alabama, filed this action pursuant to 42 U.S.C. § 1983 against Hunt Correctional Center Warden Cornel H. Hubert.  Plaintiff alleged that he was subjected to unconstitutional conditions of confinement.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir.

1984).

Plaintiff alleged that on September 1, 2005, he was temporarily held in the custody of the Louisiana Department of Public Safety and Corrections following the aftermath of Hurricane Katrina.  Plaintiff alleged that he was transported to Hunt Correctional Center where he was held for approximately one day. Plaintiff alleged that during his 24 hour stay at the prison facility, he was given only two sandwiches to eat, was not provided private bathroom facilities, was not provided dry clothing and was subjected to heat, rain and insects during his stay.

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989);  *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976).  For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year.  Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff signed his complaint on December 4, 2006 and it was filed on December 13, 2006.  Therefore, any claims the plaintiff had against this defendant regarding acts which occurred prior to December 4, 2005 have prescribed.

2

A § 1983 complaint must plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim. *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986).

Plaintiff named Warden Hubert as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Section 1915 of Title 28 was amended to add subsection (g) which provides the following:
> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, January 8, 2007.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

---

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.